**STATE of Utah, Plaintiff and Respondent,**

v.

**William J. MICHALCEWICZ, Defendant and Appellant.**

**No. 19976.**

Supreme Court of Utah.

Dec. 17, 1985.

Ronald J. Yengich, Salt Lake City, for defendant-appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HOWE, Justice:

Defendant appeals from a conviction of manslaughter, a second degree felony, in violation of U.C.A., 1953, § 76–5–205(1)(a).

On March 18, 1983, defendant drove his automobile south in one of the northbound lanes of Interstate Highway 15. He collided with an oncoming automobile, seriously injuring the driver and killing a passenger. Investigating officers noticed that defendant's vehicle contained beer bottles and smelled strongly of alcohol. He was taken to a hospital, where a blood test was performed. The result was that he had a blood alcohol level of .19 by weight, well over the statutorily presumptive level of .08. He was charged with second degree murder, but the jury convicted him of the lesser included offense of manslaughter.

Defendant assails his conviction, contending that the trial court erred in failing to honor his request to give an instruction on vehicular homicide, a class A misdemeanor, under U.C.A., 1953, § 41–6–43.10:

> (a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

As we pointed out in the recent case of *State v. Bryan,* 11 Utah Adv.Rep. 41 (Nov. 27, 1985), the required *mens rea*

for vehicular homicide and for manslaughter are the same, *viz.*, recklessness. In view of that duplication, we held that the defendant's conviction of manslaughter could not stand, and we reversed the conviction and remanded the case for sentencing in accordance with section 41–6–43.10 (vehicular homicide). That case is controlling here, and the same result must obtain.

Defendant's conviction of manslaughter is reversed, and this case is remanded to the trial court to sentence defendant under section 41–6–43.10.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.